# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC DUPERVIL, as Proposed Administrator of the Estate of FREDERIC DUPERVIL, Deceased<br>　　　　　　　　　　　　Plaintiff(s),<br>　-against-<br><br>ALLIANCE HEALTH OPERATIONS, LLC d/b/a LINDEN CENTER FOR NURSING AND REHABILITATION, JOHN AND JANE DOES, 1-10<br><br>　　　　　　　　　　　　Defendant(s), | **Case No.: 1:20-cv-04042-PKC-PK**<br><br>**PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT THEREOF** |

## PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM OF LAW IN SUPPORT THEREOF

i

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

MOTION FOR REMAND ..................................................................................................... iv

MEMORANDUM OF LAW IN SUPPORT OF MOTION ........................................................ 7

INTRODUCTION ..................................................................................................................... 7

BASIS FOR REMOVAL ........................................................................................................... 8

ARGUMENT ........................................................................................................................... 10

CONCLUSION ........................................................................................................................ 15

CERTIFICATE OF SERVICE ................................................................................................. 16

# **TABLE OF AUTHORITIES**

**Cases**

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 205 (2004) ................................................................5
*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ............................................................15
*Burrell v. Bayer Corp.*, 918 F.3d 372 (4th Cir. 2019) ..................................................................10
*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399, 107 S. Ct. 2425, 2433 (1987); ......................10
*Darnall v. Fed. Land Bank of Wichita*, No. 88-1688-K, 1989 WL 87629, at *2 (D. Kan. July 5, 1989) .....................................................................................................................................10
*Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Trust for S California* ................................................................................................................................10
*Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) ............................................................................................5
*Kehler v. Hood,* 2012 WL 1945952, at *5 n.5 (E.D. Mo. 2012) ...............................................10
*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908) ...................................................10
*M. Nahas & Co. v. First Nat. Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991) ............10
*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, (1986) ...........................................10
*Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) ................................................................10
*Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) .............................................................10
*Pinney v. Nokia*, 402 F.3d 430 (4th Cir. 2005) ............................................................................10
*Pressl v. Appalachian Power Co.*, 842 F.3d 299 (4th Cir. 2016) ................................................10

**Statutes**

28 U.S.C. § 1331 ..............................................................................................................................8
28 U.S.C. § 1447 (c) .......................................................................................................................3
42 U.S.C. §§ 247d-6d, 247d-6e (West 2020) ...........................................................................4
42 U.S.C.A. § 247d-6d(a)(1) .........................................................................................................9
42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020) ..........................................................................7

**Other Authorities**

Brian Dean Abramson, *Preparing Health Care Providers for a COVID-19 Vaccine*, 13 J. OF HEALTH & LIFE SCI. LAW 2, *8 (June 2020). ........................................................................7
Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 52, 15202, Section IX (Dep't of Health and Human Servs. .........................................................................................................14
*Legislative Modifications to Tort Liability: The Unintended Consequence of Public Health and Bioterrorism Threats* ........................................................................................................13
*Legislative Modifications to Tort Liability: The Unintended Consequence of Public Health and Bioterrorism Threats*, 45 CREIGHTON L. REV. 337, 359 (Feb. 2012) ..............................13

## MOTION FOR REMAND

COMES NOW Plaintiff, Marc Dupervil, as the Proposed Administrator of the Estate of Frederic Dupervil, and, pursuant to 28 U.S.C. § 1447 (c), respectfully requests this Court's Order remanding this case to the Supreme Court of the State of New York, Kings County, for lack of federal subject matter jurisdiction. The parties are not diverse, and Defendants based removal on federal question jurisdiction. Plaintiffs' Petition, however, alleges only state law tort claims. Furthermore, this action is not subject to removal under the federal officer removal statute.

This is a nursing home negligence and professional malpractice case. Plaintiff's Complaint asserts claims for violations of New York public health code, negligence and wrongful death under New York state law, against the defendants herein, who are all residents of the state of New York. *See* Plaintiff's Complaint, attached hereto as Exhibit A. Plaintiff's Complaint alleges that Defendants' **failure to act** to prevent entry and/or spread of COVID-19 in their skilled nursing facility, causing the injuries and death of Plaintiff's Decedent. In their Notice of Removal, Defendants argue the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (West 2020) (hereinafter "the PREP Act") preempts Plaintiff's state court claims. *See* Defendant's Notice of Removal attached hereto as Exhibit B.

Plaintiff files this Motion to Remand to the state court because the PREP Act does not apply to the case and has only entered the case by way of an affirmative defense. Regardless, even if the PREP Act applied, federal question jurisdiction cannot be based on an affirmative defense. In summary, the PREP Act contemplates **action**—i.e., administration of a drug,

iv

product, or device to a person and injury therefrom.[1]  Plaintiff does not plead the failure of a drug, product, or device.  Rather, Plaintiff pleads Defendants' **failure to act** to prevent entry and/or spread of COVID-19 in its facility. Plaintiff's claims are based on Defendants' failure to implement and execute an effective infection control program that included proper training of their employees, screening of employees, volunteers and individuals entering the facility for symptoms of COVID-19 before they were allowed to enter the facility, providing facemasks and/or cloth covering for health care professionals and residents in the facility, canceling group activities and communal dining, properly staffing the facility, separating residents suspected of having the infection from non-infected residents and enforcing social distancing protocol on residents and staff.. (Exhibit A, ¶¶ 109–121.)

Defendants also argue this case comes under a narrow exception to the "well-pleaded complaint rule" that provides for federal court jurisdiction in cases of "complete preemption." However, to make their argument, Defendants recast the Plaintiff's state court claims as claims under the PREP Act.  The language of the PREP Act shows its scope is not "so broad as to **entirely** replace **any** state-law claim."  *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) (emphasis added).  Moreover, this case fails both prongs of the *Davila* test. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 205 (2004).  First, Plaintiff could not have originally brought this case in federal court under the PREP Act because the Plaintiff does not allege damages arising from the "administration of" a "covered countermeasure."  *See id.*  Second, the duty alleged in the Petition—a skilled nursing facility's duty to act reasonably under the circumstances—exists entirely independent of the PREP Act.  *See id.*

---

[1] *See, e.g.*, Brian Dean Abramson, *Preparing Health Care Providers for a COVID-19 Vaccine*, 13 J. OF HEALTH & LIFE SCI. LAW 2, *8 (June 2020).  For the Court's convenience, a copy of this article is attached as Exhibit C.

In further support of the Motion to Remand, Plaintiff incorporates the contemporaneously filed Suggestions in Support, as though set forth herein.

WHEREFORE, Plaintiff respectfully requests this Court's Order remanding this cause to the Supreme Court of the State of New York, Kings County.

Dated: New York, New York
         September 30, 2020

                                                  **NAPOLI SHKOLNIK, PLLC**
                                                  *Attorneys for Plaintiff*

                                                  By: */s/ Salvatore Badala*
                                                       Salvatore Badala
                                                       Joseph Ciaccio
                                                       400 Broadhollow Road
                                                      Melville, New York, 11747
                                                      T: 212-397-1000

**MEMORANDUM OF LAW**

COMES NOW Plaintiff, and in support of the contemporaneously filed Motion to Remand, states as follows:

This is a nursing home malpractice case, originally filed in the Supreme Court of the State of New York, Kings County. Plaintiff has only asserted claims for negligence and wrongful death under New York state law in the Complaint. (Plaintiff's Complaint, attached hereto as Exhibit A.) Plaintiff's Complaint alleges that Defendants' **failure to act** to prevent entry and/or spread of COVID-19 in their skilled nursing facility caused the injuries and death of Plaintiff's Decedent. The parties are not diverse. Defendants removed this case from the Supreme Court of the State of New York, Kings County, on the basis of federal question jurisdiction, arguing the Public Readiness and Emergency Preparedness Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020) (hereinafter "the PREP Act") preempts Plaintiff's state court claims.

Plaintiff files this Motion to Remand to the state court because the PREP Act does not apply to the case. Regardless, even if the PREP Act applied, under the "well-pleaded complaint rule," federal question jurisdiction cannot be based on an affirmative defense. In summary, the PREP Act contemplates **action, of an implemented countermeasure**—i.e., administration of a drug, product, or device to a person and injury therefrom.[2] Plaintiff does not plead the failure of a noted countermeasure, i.e. drug, product, or device. Rather, Plaintiff pleads Defendants' **failure to act** to prevent entry and/or spread of COVID-19 in its facility. Plaintiff's claims are based on Defendants' failure to implement and execute an effective infection control program that included proper training of their employees, screening of employees and volunteers for symptoms of COVID-19 before they were allowed to enter the facility, separating residents

---

[2] *See, e.g.*, Brian Dean Abramson, *Preparing Health Care Providers for a COVID-19 Vaccine*, 13 J. OF HEALTH & LIFE SCI. LAW 2, *8 (June 2020). For the Court's convenience, a copy of this article is attached as Exhibit C.

7

suspected of having the infection from non-infected residents, and enforcing social distancing protocols. (Exhibit A, ¶¶ 39–47). Plaintiffs are not brining their claims under the PREP Act, all of Plaintiff's claims are based in state law.

In their Notice for Removal, Defendant provides no indication of what measures were undertaken by their facility that would equate to a "covered countermeasure" as defined by the language in the PREP Act that relate to the injuries the Plaintiffs have alleged in their Complaint. *See* Exhibit B at ¶ 22. This is because, Plaintiff has no such an allegation within the Complaint. Plaintiff's Complaint alleges that Defendant **failed to act** to prevent Decedent's injuries.

Defendants argue this case comes under a narrow exception that provides for federal court jurisdiction in cases of "complete preemption."  However, to make their argument, Defendants attempt to recharacterize the Plaintiff's state court claims as claims under the PREP Act.  The language of the PREP Act shows its scope is not "so broad as to **entirely** replace **any** state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) (emphasis added).  First, Plaintiff could not have originally brought this case in federal court under the PREP Act because the Plaintiff does not allege damages arising from the "administration of" a "covered countermeasure." *See id.* Second, the duty alleged in the Complaint—a skilled nursing facility's duty to act reasonably under the circumstances—exists entirely independent of the PREP Act as it arises exclusively and specifically from the healthcare provider/patient relationship. *See id.*

Defendants have removed this case on the basis of 28 U.S.C. § 1331, 1442 and 42 U.S.C. § 247d-d (e) (1)2. Defendants claim that the claims in Plaintiff's Complaint fall under the PREP Act and consequently vests this Court with federal question jurisdiction.  In their Notice of Removal, Defendants acknowledge that Plaintiff's complaint brings forth only state causes of

8

action and do not claim any of the claims asserted in Plaintiff's Petition were directly created by federal statute or otherwise arise under federal law. (Exhibit B, ¶¶ 11.) Defendants do not claim diversity jurisdiction. Defendants only assertion that this case falls under federal question jurisdiction by asserting an affirmative defense under a federal statute.

Under language in the PREP Act, it is only applicable to the "administration to" or "use by" a plaintiff/decedent of "covered countermeasures." The Act's defines the terms "administration to" and "use by" as requiring "the physical provision" of a "covered countermeasure" to the decedent. "Covered countermeasures" are narrowly defined to be products—primarily vaccines, drugs used for treatment, diagnostic test kits, and the products used to administer those vaccines, treatments, and tests. Essentially, the PREP Act applies to affirmative actions taken by a defendant to provide a physical product to the decedent and injury resulting therefrom.

Plaintiff's Complaint does not allege that there was an administration of any product or drug to the Plaintiff's Decedent that led to the injury or death of the decedent. The very language of the PREP act requires action. In determining the applicability of the PREP Act, the Court must look to the plain meaning of the language used in the statute. The language in the statute is quite specific that it only applies to injuries caused by "the **administration to** or the **use by** an individual of a **covered countermeasure** . . . ." 42 U.S.C.A. § 247d-6d(a)(1) (West 2020). Here, all of Plaintiff's claims are related to the Defendant's failure to act to prevent injury and death to the decedent and the PREP Act can not be applicable.

Even if the PREP Act applied to this case, "[t]he doctrine of *complete* preemption, a narrow exception to [the well-pleaded complaint rule] is not implicated here." *Kehler v. Hood,*

2012 WL 1945952, at *5 n.5 (E.D. Mo. 2012).[3] By its clear and explicit language, its scope is not "so broad as to **entirely** replace **any** state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008) (emphasis added).

## ARGUMENT

### A. Plaintiff's Petition presents no federal question and this Court does not have federal question jurisdiction under 28 U.S.C. § 1331.

It is well settled law "that a federal question must appear on the face of the complaint" and that "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law". *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399, 107 S. Ct. 2425, 2433 (1987); *also see Burrell v. Bayer Corp.*, 918 F.3d 372 (4th Cir. 2019); *Pressl v. Appalachian Power Co.*, 842 F.3d 299 (4th Cir. 2016); *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005); *Pinney v. Nokia*, 402 F.3d 430 (4th Cir. 2005); *M. Nahas & Co. v. First Nat. Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991); *Darnall v. Fed. Land Bank of Wichita*, No. 88-1688-K, 1989 WL 87629, at *2 (D. Kan. July 5, 1989); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)); *Franchise Tax Bd. of the State of California v. Constr. Laborers Vacation Trust for S California*, 463 U.S. 1 (1983).

In *Caterpillar*, the United States Supreme Court succinctly re-stated the "century-old jurisdictional framework governing removal of federal question cases":

> **Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant**. . . . The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule,"

---

[3] For the Court's convenience, a copy of *Kehler v. Hood* is attached hereto as Exhibit D.

> which provides that **federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint**. . . . **The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law**.
> Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint. Before 1887, a federal defense such as pre-emption could provide a basis for removal, but, in that year, Congress amended the removal statute. We interpret that amendment to authorize removal only where original federal jurisdiction exists. . . . Thus, **it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.**

482 U.S. at 392–93 (citations omitted) (emphasis added).

It is undisputed the claims asserted in Plaintiff's Complaint are purely state law claims and no federal question is raised by the Plaintiff's allegations. Defendants' sole basis for claiming federal question jurisdiction is their claim the PREP Act preempts the state law claims and provides them immunity from those claims. However, under the "well-pleaded complaint rule," the federal courts have subject matter jurisdiction under 28 U.S.C. § 1331 only "when a federal question is presented **on the face of the plaintiff's properly pleaded complaint**." *Pressl v. Appalachian Power Co.*, 842 F.3d 299 (4th Cir. 2016) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added)). It is not enough that there may be a defense grounded in federal law. *Caterpillar*, 482 U.S. at 392–93. The Supreme Court has referred to this fundamental rule of federal question jurisdiction as "century-old" "settled law" and, along with various other federal courts, the Supreme Court has addressed this same argument numerous times all to the same result—an affirmative defense under a federal statute does not invoke federal question jurisdiction. *Id.* (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)).

B. **The issue of whether the PREP Act warrants removal in a medical malpractice case has been decided in favor of remand.**

The United States District Court for the Eastern District of Missouri decided a similar issue in 2012. *Kehler v. Hood*[4] was a vaccine injury case filed against the defendant doctor and hospital. 2012 WL 1945952 (E.D. Mo. 2012). The defendants argued removal was appropriate because the plaintiffs' claims implicated the PREP Act. In its order remanding the case, the *Kehler* court stated:

> A review of plaintiffs' claims here shows none of them to arise under federal law. Plaintiffs raise State law claims of medical negligence based on the conduct of defendants . . . . [T]he petition . . . appears to set forth well-pleaded State claims of medical negligence and loss of consortium. **The issue as to whether the PREP Act precludes such an action against these defendants has entered the case only by way of defendants['] . . . defense to the claims.** The assertion of such a federal defense, however, does not give rise to federal question jurisdiction.

*Id.* at *4 (emphasis added). Similarly, here Plaintiff's Complaint only contains state law claims grounded on medical negligence and wrongful death. The PREP Act has only entered the case by way of Defendants' affirmative defense. In accord with the ruling in *Kehler*, remand to state court is appropriate here.

C. **The PREP Act does not apply and should not serve as a basis for jurisdiction.**

The Defendant's removal of this case was improper and the PREP Act is inapplicable.

1. Plaintiff's claims do not fall within the scope of the PREP Act.

The PREP Act was enacted in 2005 and is intended to protect vaccine manufacturers from financial risk in the event of a declared public health emergency.[5] The PREP Act does not

---

[4] (*See* Exhibit D.)

[5] *See, e.g.*, Conference Report H.R. 2863, Department of Defense Appropriations Act, 2006; Congressional Record Vol. 151, No. 164, available at, https://www.congress.gov/congressional-record/2005/12/18/house-section/article/H12244-3; Congressional Record, December 21, 2005 - Issue: Vol. 151, No. 167 — Daily Edition, available at, https://www.congress.gov/congressional-record/2005/12/21/senate-section/article/s14241-1; Congressional Record, December 22, 2005 - Issue: Vol. 151, No. 168 — Daily Edition, available at,

12

provide immunity to medical providers for negligence claims "unrelated to vaccine administration and use." Hon. Karen Shichman Crawford[6] & Jeffrey Axelrad[7], *Legislative Modifications to Tort Liability: The Unintended Consequence of Public Health and Bioterrorism Threats*, 45 CREIGHTON L. REV. 337, 359 (Feb. 2012).[8]

The PREP Act provides the following scope of immunity:

> (a) Liability protections
>
> (1) In general
>
> Subject to the other provisions of this section, a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from **the administration to or the use by an individual of a Covered Countermeasure** if a declaration under subsection (b) of this section has been issued with respect to such countermeasure.
>
> (2) Scope of Claims for Loss
>
> (B) Scope
>
> The immunity under paragraph (1) applies to any claim for loss that has a causal relationship with **the administration to or use by** an individual of a Covered Countermeasure, including a causal relationship with the design, development, clinical testing or investigation, manufacture, labeling, distribution, formulation, packaging, marketing, promotion, sale, purchase, donation, dispensing, prescribing, administration, licensing, or use of such countermeasure.

---

https://www.congress.gov/congressional-record/2005/12/22/senate-section/article/s14424-5; Congressional Record, December 20, 2005 - Issue: Vol. 151, No. 166 — Daily Edition, available at, https://www.congress.gov/congressional-record/2005/12/20/senate-section/article/s14073-3.

[6] Prior to being appointed to the bench, Judge Crawford served as a Trial Attorney in the Civil Division of the Department of Justice from 1980–83 and an Assistant United States Attorney in the Southern District of California from 1984–91. In both capacities, she tried many swine flu cases throughout the United States.

[7] Jeffrey Axelrad has held positions at the United States Department of Justice, including Director/Chief Torts Branch (1977–2003) and served as lead counsel for the United States in the Swine Flu Immunization Products Liability Litigation.

[8] For the Court's convenience, a copy of *Legislative Modifications to Tort Liability: The Unintended Consequence of Public Health and Bioterrorism Threats* is attached hereto as Exhibit E.

42 U.S.C. § 247d-6d (a)(1), (a)(2)(B) (emphasis added). Consequently, the breadth of the immunity is only limited to the "Covered Countermeasure", "administered to" or "used by" an individual. Although the PREP Act itself does not define the term "administered to," the Secretary of the Department of Health and Human Services specifically defined that term in the March 17, 2020 declaration as the "physical provision of the countermeasures to recipients . . . ." Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 52, 15202, Section IX (Dep't of Health and Human Servs., March 17, 2020) (attached hereto as Exhibit C).

Defendant's understanding of the scope of "covered countermeasure", as written in their Notice of Removal, is that immunity exists for any conduct or decision making related to a covered countermeasure under the PREP Act. *See* Exhibit B at ¶¶ 20-21. Based on the language in 42 U.S.C. § 247d-6e, there is no basis for this interpretation. Specifically, 42 U.S.C. § 247d-6e(a) states, ("[T]here is hereby established . . . an emergency fund . . . for purposes of providing . . . compensation to **eligible individuals for covered injuries directly caused by the administration or use of a covered countermeasure**. . . ." (emphasis added)). The language in the statute anticipates injuries or death from a "covered countermeasure". Plaintiff's Complaint does not state claims for injury or death due to the administration of a covered countermeasure as proscribed in the PREP Act. Plaintiff's claims specifically allege Defendants' failed to act to prevent entry or spread of COVID-19, thereby causing Decedent's injuries and death.

Defendants claim that they are "covered persons" by way of meeting the requirements of being a "program planner" under the PREP Act are completely unfounded. The aforementioned terms have never been defined to mean a skilled nursing facility by the Department of Health & Human Services or any other agency.

**1.     Because the PREP Act does not apply, the Court need not reach the question of preemption.**

The question of whether the PREP Act completely preempts any state law claims Plaintiff could assert is preempted by the threshold question of whether the PREP Act even applies to the allegations in Plaintiff's Complaint. If the PREP Act does not apply, the inquiry ends—the question of complete preemption is rendered moot, and remand is required. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Generally, "preemption" is an affirmative defense to a state law claim and a defendant's assertion of it is insufficient to invoke federal question jurisdiction. See Marin General Hosp. v. Modesto & Empire Traction, 581 F.3d 941 (9th Cir. 2009); Caterpillar Inc. v. Williams, 482 U.S. 386, 392–93 (1987).

## CONCLUSION

In conclusion, Defendant's contention that the PREP Act is applicable to Plaintiff's claims is erroneous, the PREP Act is inapplicable. Plaintiff has not asserted any claims under federal law in their Complaint. All of Plaintiff's claims are state law based and exist entirely independently of the PREP Act. Consequently, Plaintiff's claims are not preempted by federal law and this case should be remanded to state court.

WHEREFORE, Plaintiff respectfully requests this Court's issue an Order remanding this case to the Supreme Court of the State of New York, Kings County.

Dated: New York, New York
         September 29, 2020

                                                                **NAPOLI SHKOLNIK, PLLC**

                                                                By: */s/ Salvatore Badala*

Salvatore Badala
Joseph Ciaccio
400 Broadhollow Road
Melville, New York, 11747
T: 212-397-1000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will also transmit a Notice of Electronic Filing to all counsel of record.

                                        */s/ Salvatore Badala*
                                        Salvatore Badala